UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

v.

D-7 DAVID ROSHINSKY WILLIAMS,

     Defendant.

_____/

Case No. 25-CR-20612
HON. MARK A. GOLDSMITH
**FILED UNDER SEAL**

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO AMEND CONDITIONS OF PRETRIAL RELEASE (Dkt. 138)

Before the Court is Defendant David Roshinsky Williams's motion to amend conditions of his pretrial release (Dkt. 138).[1] For the reasons set forth below, the Court denies the motion.

## I.     BACKGROUND

A grand jury indicted Roshinsky Williams for conspiracy to transport a stolen vehicle or vehicles, in violation of 18 U.S.C. §§ 371 and 2312, and one count of transportation of a stolen vehicle in violation of 18 U.S.C. §§ 2312 and 2. See Indictment (Dkt. 1). At his initial appearance, Magistrate Judge Kimberly Altman released Roshinsky Williams on bond subject to location monitoring, to which Roshinsky Williams consented. Order Setting Conditions of Release (Dkt. 27); Initial Appearance Recording at 2:33–2:50 (Dkt. 22). Roshinksy Williams now seeks to have the location monitoring condition of his bond removed. Mot. at PageID.541–544.

## II. ANALYSIS

---

[1] In addition to Roshinsky Williams's motion, the briefing includes the Government's response (Dkt. 141). The Court held a hearing on the motion on April 15, 2026. After the hearing, the Court ordered supplemental briefing. Roshinsky Williams and the Government filed supplemental briefs (Dkts. 158, 161).

The Bail Reform Act states that a court shall impose the least restrictive condition or combination of conditions that it determines "will reasonably assure the appearance of the person as required and the safety of any other person and the community. . . ." 18 U.S.C. § 3142(c)(1)(B).

Roshinsky Williams argues that the location monitoring condition of his bond is unnecessary because he has "demonstrated a strong pattern of compliance and communication" with Pretrial Services since he has been on bond which has been for approximately ten months. Mot. at PageID.541–542. He also notes that the GPS monitor causes him "significant" pain and discomfort due to a previous injury on the leg to which the monitor is attached. Id. at PageID.543. He points the Court to three cases that he argues are similar to his situation where the individuals' location monitoring conditions were removed. Roshinsky Williams Supp. Br. at PageID.691–694.

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████   Resp. at PageID.602.[2]  Also, given that it is alleged that Roshinsky Williams's role in the conspiracy was "physically escorting" stolen vehicles to the smugglers' lots and working in the South to develop other sources of stolen vehicles, the Government argues that Roshinsky Williams cannot be trusted to be unsupervised. Id. at PageID.602; G. Supp. Br. at PageID.703.

The Court agrees with the Government. While to date Roshinsky Williams has complied with the conditions of his pretrial release, given his alleged past behavior of being physically involved in the smuggling operation, the Court is not reasonably assured that without location monitoring he would not partake in criminal activities like those charged in the indictment. Further, Pretrial Services has advised the Court that Roshinsky Williams's tether can be moved to

---

[2] An unredacted copy of this order shall be maintained under seal.

his other leg at any time—and that they have offered to do so in the past but that he has declined. Should Roshinsky Williams wish to switch his tether to his other leg so as to alleviate his significant pain, that option appears available to him.

### III. CONCLUSION

For the reasons stated above, Roshinsky Williams's motion to amend conditions of pretrial release is denied.

**SO ORDERED.**

Dated: July 20, 2026
Detroit, Michigan

s/Mark A. Goldsmith
MARK A. GOLDSMITH
United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 20, 2026.

s/Joseph Heacox
JOSEPH HEACOX
Case Manager